UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VALLEY SELECT FOODS, INC.**, a British Columbia corporation,<br><br>**Plaintiff**<br><br>v.<br><br>**FORDEL MARKETING, LLC**, a California Limited Liability Company, and DOES 1-10 inclusive,<br><br>**Defendant** | CASE NO. 1:21-CV-0141 AWI HBK<br><br>**ORDER VACATING JUNE 14, 2021 HEARING, ORDER REGARDING MOTIONS TO COMPEL AND DISMISS, and ORDER REGARDING STIPULATION FOR ARBITRATION**<br><br>(Doc. Nos. 10, 12, 14) |

    Currently set for hearing on June 14, 2021, are Defendant's motion to compel arbitration and Plaintiff's motion to dismiss counterclaims. See Doc. Nos. 10, 12. On June 3, 2021, the parties filed a stipulation. See Doc. No. 14. The stipulation withdraws the two pending motions, agrees to submit all claims (original and counterclaims) to binding arbitration, requests that the case be stayed pending arbitration, and agrees to submit a status report on October 29, 2021. See id.

    The Court will give effect to the stipulation. However, there is one aspect of the stipulation that requires additional explanation. When all claims are subject to arbitration, courts have the discretion to dismiss the case. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988); Gadomski v. Wells Fargo Bank N.A., 281 F.Supp.3d 1015, 1021 (E.D. Cal. 2017); Luna v. Kemira Specialty, Inc., 575 F.Supp.2d 1166, 1178 (C.D. Cal. 2008). It is this Court's general preference to dismiss a case instead of issuing a stay when all claims are subject to arbitration. E.g. Carroll v. Dick's Sporting Goods, Inc., 2020 U.S. Dist. LEXIS 167754, *5-*6 (E.D. Cal. Sept. 14, 2020) (explaining rationale for dismissing action instead of issuing a stay when arbitration was ordered through stipulation of the parties).

In order for the parties to explain why a stay in this case, as opposed to a dismissal, is necessary, the Court will give the parties a short period of time to respond to the Court's concerns over issuing a stay. At this time, the Court will vacate the June 14 hearing and deny the two pending motions as withdrawn. Once the Court receives the parties' response, the Court will order the parties to arbitration and decide whether to stay or dismiss this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The June 14, 2021 hearing on Defendant's motion to compel is VACATED;
2. Defendant's motion to dismiss (Doc. No. 10) is DENIED AS WITHDRAWN in light of the parties' June 3, 2021 stipulation;
3. Plaintiff's motion to compel (Doc. No. 12) is DENIED AS WITHDRAWN in light of the parties' June 3, 2021 stipulation;
4. As soon as possible, but no later than Monday, June 14, 2021, the parties may file a supplement that explains the necessity for the Court to issue a stay in this matter, as opposed to dismissing the case, while the parties pursue arbitration; and
5. The failure of the parties to file a supplemental brief will be construed as a representation that there are no objections to ordering arbitration and dismissing the case.

IT IS SO ORDERED.

Dated:   June 8, 2021                             _____
                                                  SENIOR  DISTRICT  JUDGE