# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VALLEY SELECT FOODS, INC.,** a British Columbia corporation,<br><br>Plaintiff<br><br>v.<br><br>**FORDEL MARKETING, LLC,** a California Limited Liability Company, and DOES 1-10 inclusive,<br><br>Defendant | CASE NO. 1:21-CV-0141 AWI HBK<br><br>**ORDER DIRECTING THE PARTIES TO ARBITRATION, ORDER STAYING THE MATTER, and ORDER SETTING CONDITIONAL STATUS CONFERENCE**<br><br>(Doc. Nos. 14, 16) |

On June 3, 2021, the parties filed a stipulation that *inter alia* requested that the Court order them to binding arbitration and to stay this matter pending arbitration. See Doc. No. 14. Because all claims involved in this case were to be sent to arbitration, the Court ordered the parties to file a supplemental brief that explained why a stay of this case was preferable to a dismissal. See Doc. No. 15.

On June 14, 2021, the parties filed a supplemental brief that addressed the Court's concerns. See Doc. No. 16. The parties represent that they are concerned about the possibility of one side not actually submitting to arbitration. See id. If that occurs, by the time a new case is refiled, the applicable statute of limitations may bar the suit. See id. To ensure that all claims are actually arbitrated, the parties request that the Court stay the matter until the parties effectively submit to the jurisdiction of the arbitrator by filing their initial pleadings. See id. The parties estimate that this will happen well before October 2021. See id. Therefore, the parties request that the Court stay this matter and set a status conference for October 2021, with the understanding that the parties will file a request for dismissal within 10 days of filing their initial pleadings in arbitration. See id.

After review, it is apparent that there are trust concerns between the parties. The Court finds it lamentable that both sides think that there is a distinct possibility that one side would violate a valid Court order in an attempt to gain an advantage from the applicable statute of limitations. It is not necessarily clear why a new lawsuit would need to be filed. Generally, "all orders and judgments of courts must be complied with promptly," Donovan v. Mazzole, 716 F.2d 1226, 1240 (9th Cir. 1984), and the Court has authority to enforce its orders. E.g. In re Dueal-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993); Fraihat v. United States I.C.E., 2020 U.S. Dist. LEXIS 94952, *12-*13 (C.D. Cal. May 15, 2020). Nevertheless, the Court finds that the proposed course by the parties is not administratively onerous and appears to sufficiently assuage all atypical trust concerns between the parties. Therefore, the Court in this instance will issue a stay, instead of dismissal, as described in the supplemental brief.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to the stipulation and supplemental briefing of the parties (Doc. Nos. 14, 16), the parties SHALL SUBMIT to binding arbitration all claims and defenses raised and which could have been raised in Plaintiff's complaint and Defendants' amended counterclaim;

2. The parties shall submit their claims to arbitration as soon as possible, but in no event later than October 4, 2021;

3. Pursuant to the parties' supplemental briefing (Doc. No. 16), within ten (10) days of filing their arbitration pleadings, the parties shall submit a joint request for dismissal of this case;

4. If no stipulated dismissal is received, a status conference in this case will be held on October 18, 2021 at 1:30 p.m. in Courtroom 2; and

5. Pursuant to the stipulation and supplemental briefing of the parties (Doc. Nos. 14, 16), this case is STAYED.

IT IS SO ORDERED.

Dated:   June 15, 2021                              _____
                                                     SENIOR DISTRICT JUDGE